## Case No. 5,890.

### HADDEN et al. v. HOYT.

[2 Hunt, Mer. Mag. 269.]

Circuit Court, S. D. New York. Jan. 23, 1840.

CUSTOMS DUTIES—CLASSIFICATION—BRUSSELS AND WILTON RUGS.

[Brussels and Wilton rugs, composed of linen and worsted, without any wool, were not dutiable under the act of 1832 (4 Stat. 583), as carpets or carpeting, or as manufactures of wool, but were subject to a duty of 15 per cent., as a manufacture of which flax is a component part.]

The plaintiffs [David Hadden and others] had, during 1838 and 1839, imported various parcels of Brussels and Wilton rugs. The defendant, collector of the customs at New York, had exacted duties upon these importations at the rate of 50 per cent. ad valorem, as manufactures of wool. The plaintiffs insisted that they were an article not enumerated in the act of 1816 (3 Story's Laws, 1587 [3 Stat. 310]), and therefore by it charged with 15 per cent. ad valorem, and so, under the act of 1832 (4 Story's Laws, 2322 [4 Stat. 583]), rendered free. The defendant contended that they were subject to duty as a manufacture of wool, or as carpets or carpeting, under the act of 1832. The plaintiffs proved the payment of the duties under protest against the rate exacted, and that the articles were rugs, composed of linen and worsted, without any wool. It appeared that the article was usually manufactured by carpet manufacturers, although in some instances by manufacturers of this article only; that it was made in the same manner as carpets, only the patterns were different, having a border all around the piece laid out for a single rug; that in the piece they were all woven with selvages between every length of a rug, which selvages had not the raised figure or filling, and were so left to separate the pieces, and sometimes to have a fringe sewed on; that a piece woven for rugs would not serve for a carpet, both by reason of the figure and the selvages; that, in the trade, rugs were not known as carpets or carpeting, but bore a distinct name, and had a particular use; that, in trade, carpets were pieces of carpeting woven so as to form a pattern for a room or space of given dimensions, sometimes made up by sewing, sometimes woven in its shape; carpeting was the cloth woven for carpets in the piece, and to be made into carpets of any size. The witnesses stated that, under an order for carpets or carpeting, they would not expect, accept, or furnish rugs, nor vice versa; that carpets were sometimes cut in pieces, and had fringes sewed around, when they were sold, and called rugs, but they were not imported in this manner.

The district attorney conceded that upon the evidence the jury must find that the articles in question were not carpets or carpeting, nor chargeable with duty as a manufacture of wool. But he insisted that they were a manufacture of which flax was a component part, and so liable under the act of 1824 (3 Story's Laws, 1943 [4 Stat. 25]), to a duty of 20 per cent. ad valorem, reduced by the second section of the act of 1832 to 15 per cent. ad valorem.

D. Lord, Jr., for plaintiffs. B. F. Butler, Dist. Atty., for defendant.

THE COURT (BETTS, District Judge) was of this opinion, and so charged the jury. Verdict for the plaintiffs, $1,436.64.

## Case No. 5,891.

### HADDEN v. HOYT.

[2 Hunt, Mer. Mag. 343.]

Circuit Court, S. D. New York. Jan. 24, 1840.

CUSTOMS DUTIES ACTS — RULE OF CONSTRUCTION.

This was an action [by David Hadden against Jesse Hoyt] to recover the excess of duties on knit shirts and drawers. The evidence was similar to that of the case of Hall v. Hoyt [Case No. 5,934]. But in the present case the defendant introduced the former collector of New York, who gave evidence that from the act of 1828 [4 Stat. 270] to that of 1832 [4 Stat. 583] the articles in question had, in pursuance of orders from the treasury, been charged with the duty on clothing ready made, and not with the duty on hosiery.

B. F. Butler, for defendant, insisted that the court should charge, upon this new evidence, that the act of congress of 1832 must in judgment of law be deemed to have reference to the then existing practice of the treasury department and its circulars to collectors, and that therefore, in this construction of the law, the articles were to be deemed as falling under the term "ready-made clothing," and not under the term "hosiery."

D. Lord, Jr., for plaintiff, insisted that the words in the law must be construed as they would be understood in their common or commercial use; and not in any peculiar sense or use, practised by the treasury, and as such known to congress. That the law was made to govern not the members of congress, but dealers in the articles to whom the law was most addressed, and whose understanding of its terms should control.

THE COURT (BETTS, District Judge) expressed doubt upon the question; and with the assent of the parties pro forma, charged that the jury were to be governed by the usual and well-known name of the article, and meaning of the words of the law, as understood generally in commerce at the date of the act.

A verdict was rendered for $2,400, and the cause was carried up, by a writ of error, to the supreme court of the United States. [Case unreported.]